F.L. v J.M. (2022 NY Slip Op 05590)

F.L. v J.M.

2022 NY Slip Op 05590

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 307157/13 Appeal No. 16351 Case No. 2022-00756 

[*1]F.L., Plaintiff,
v
J.M., Defendant-Respondent. Eugene Volokh, Nonparty Appellant.

David A. Schulz, New York, for appellant.

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about October 8, 2021, which denied the motion of nonparty Eugene Volokh for access to the parties' motion papers submitted in connection with a prior order, same court and Justice, entered in the above-captioned matrimonial action on January 21, 2021, directing the website Leagle.com to take down a cached published appellate decision that was later recalled and vacated pursuant to an order of this Court (173 AD3d 428 [1st Dept 2019], lv denied 36 NY3d 911 [2021]), unanimously affirmed, with costs.
We agree that the motion papers at issue here fall within the ambit of Domestic Relations Law § 235(1). The matter necessarily involves this Court's order to recall a prior decision deciding the merits of the matrimonial action originally published under a caption with the parties' full names. This Court granted plaintiff's motion seeking confidentiality to the extent of reissuing the same decision using only the parties' initials. Supreme Court directed Leagle.com to take down the recalled decision in furtherance of this Court's order granting the parties limited anonymity. Under these circumstances, Volokh fails to provide "good cause" for granting public access to the underlying motion papers, which implicated the parties' matrimonial action, and thus were deemed confidential by law (see Domestic Relations Law § 235[1]; 22 NYCRR 1250.1[e][2][ii]).
Similarly, we find no First Amendment right to access attached to the motion papers since the resulting order was not a "gag order," as Volokh contends, but rather concerned enforcement of this Court's decision to recall and reissue under a different caption an order deciding the merits of the parties' matrimonial action. The modification of the case caption is designed to protect the parties' privacy, and that of their minor child. Accordingly, contrary to Volokh's contention, the proceeding failed the "experience and logic" test to warrant public access under the First Amendment (see Press-Enterprise Co. v Superior Court of California for Riverside County, 478 US 1, 8-9 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022